1  **LAW OFFICES OF GARY R. CARLIN, APC**
2  GARY R. CARLIN, CSBN: 44945
   gary@garycarlinlaw.com
3  WILLIAM WELDEN, CSBN: 117056
   bill@garycarlinlaw.com
4  301 EAST OCEAN BLVD., SUITE 1550
5  LONG BEACH, CA 90802
   T: (562) 432-8933
6  F: (562) 435-1656

7

8  Attorneys for PLAINTIFF, BRIAN VOSSLER

9              THE UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11

12  BRIAN VOSSLER, as an individual,   CASE NO.: CV 24-9708
13
14         PLAINTIFF,                  COMPLAINT FOR:
15
16      v.                            (1) FAILURE TO ACCOMMODATE
                                          UNDER THE REHABILITATION
17                                        ACT (29 USC § 791);
                                      (2) DISABILITY DISCRIMINATION IN
18                                        VIOLATION OF THE
19  ALEJANDRO NICOLAS                     REHABILITATION ACT OF 1973 (29
    MAYORKAS, in his official             USC § 794);
20  capacity as Secretary of Homeland  (3) RETALIATION IN VIOLATION OF
21  Security; UR M. JADDOU, in her        THE REHABILITATION ACT OF
    official capacity as Director of U.S. 1973 (29 USC § 794)
22  Citizenship and Immigration           (INCORPORATING THE
    Services; and DOES 1-10.              STANDARDS OF THE ADA, 42
23                                        U.S.C. § 12203(b));
24         DEFENDANTS.                 (4) FAILURE TO ENGAGE IN THE
25                                        INTERACTIVE PROCESS UNDER
                                          THE REHABILITATION ACT OF
26                                        1973 (29 USC § 794);

27                                  **1**

28

(5) VIOLATION OF THE REHABILITATION ACT OF 1973 (29 U.S.C. §794);

(6) CONSTRUCTIVE DISCHARGE IN VIOLATION OF THE REHABILITATION ACT OF 1973 (29 U.S.C. §794);

(7) HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) (42 U.S.C. § 12101 ET SEQ.) AND THE REHABILITATION ACT OF 1973 (29 U.S.C. § 701 ET SEQ.);

(8) VIOLATION OF FAMILY AND MEDICAL LEAVE ACT (FMLA) (29 U.S.C. § 2601 ET SEQ.); AND

(9) RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT (42 U.S.C. § 2000e-3(a)).

**DEMAND FOR JURY TRIAL**

Plaintiff Brian Vossler ("Mr. Vossler") complains, avers, and alleges causes of action for damages arising from violations of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., for failure to provide reasonable accommodations, disability discrimination, retaliation, and constructive discharge. Plaintiff also invokes 28 U.S.C. § 1391(b) for proper venue in this judicial district.

///

# INTRODUCTION

1.    This is a civil action brought by Plaintiff Brian Vossler against Alejandro Nicolas Mayorkas, in his official capacity as Secretary of the Department of Homeland Security (DHS), and Ur M. Jaddou, in her official capacity as Director of U.S. Citizenship and Immigration Services (USCIS), for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Plaintiff seeks relief for the failure to provide reasonable accommodations, disability discrimination, retaliation, and constructive discharge in connection with his employment as an Immigration Services Officer 1 at USCIS.

2.    Plaintiff suffers from a disability that requires specialized medical treatment, which he could only obtain in Los Angeles, California. Despite multiple assurances from USCIS management that his need for an alternative work schedule and other accommodations would be granted, Defendants failed to provide these necessary accommodations in a timely and consistent manner, causing Plaintiff's health to deteriorate and ultimately forcing him to resign from his position.

3.    Throughout his employment with USCIS, Plaintiff made numerous good-faith efforts to secure reasonable accommodations for his disability, including alternative work schedules and a transfer to a location where his medical needs could be adequately addressed. Defendants repeatedly ignored or delayed these requests,

creating intolerable working conditions that left Plaintiff with no choice but to seek alternative employment with U.S. Customs and Border Protection (CBP) in San Diego, California.

4.     As a result of Defendants' unlawful conduct, Plaintiff has suffered significant harm, including financial losses, emotional distress, and a worsening of his medical condition. This action seeks compensatory damages, injunctive relief, and any other relief deemed appropriate by this Court to remedy the violations of Plaintiff's rights under the ADA and the Rehabilitation Act.

## **JURISDICTION AND VENUE**

5.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district, and Defendant U.S. Citizenship and Immigration Services (USCIS) operates facilities in this district. Plaintiff was employed by USCIS in Los Angeles, California, where the alleged acts of discrimination, failure to accommodate, and retaliation primarily took place.

6.     This Court has jurisdiction over Plaintiff's claims under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, specifically the Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq.), the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.), and

the Family and Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.). Additionally, Plaintiff asserts claims for damages in the amount of $2.5 million, satisfying the amount in controversy requirement should Diversity of Citizenship jurisdiction under 28 U.S.C. § 1332 be relevant to any ancillary or related claims.

## **PARTIES**

7.     Plaintiff: Brian Vossler ("Plaintiff") is an individual residing in the State of California. At all relevant times, Plaintiff was employed by the United States Citizenship and Immigration Services (USCIS) as an Immigration Services Officer 1 in Los Angeles, California. Plaintiff has a disability that requires ongoing medical treatment, and he brings this action to redress the violations of his rights under federal law.

8.     Defendant: Alejandro Mayorkas, in his official capacity as Secretary of the Department of Homeland Security (DHS), is responsible for the administration and oversight of DHS and its component agencies, including USCIS. DHS, as the parent agency of USCIS, is responsible for ensuring compliance with federal laws prohibiting disability discrimination and requiring reasonable accommodations for employees with disabilities.

9.     Defendant: Ur M. Jaddou, in her official capacity as Director of U.S. Citizenship and Immigration Services (USCIS), is responsible for the administration and operation of USCIS, including the agency's employment practices, policies, and

compliance with federal disability and leave laws. USCIS operates within DHS and oversees the employment of Plaintiff and other USCIS personnel.

10.    Defendants Does 1-10: Plaintiff is presently unaware of the true names and capacities of Defendants sued herein as Does 1 through 10 and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to allege their true names and capacities when ascertained.

## STATUTE OF LIMITATIONS

11.    The claims asserted in this Complaint are timely filed within the applicable statute of limitations.

12.    Plaintiff's claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., are subject to a statute of limitations that requires the filing of a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discriminatory act, as the Defendant is a federal agency. Plaintiff timely filed a charge of discrimination with the EEOC, alleging violations of the ADA, within the statutory period, and this Complaint is filed within 90 days of Plaintiff's receipt of a Right to Sue letter from the EEOC.

13.    Plaintiff's claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701

**6**

et seq., are subject to a similar statute of limitations and administrative exhaustion requirements as the ADA. Plaintiff timely exhausted all administrative remedies by filing a charge of discrimination and receiving a Final Decision from the EEO on August 12, 2024, and this action is timely filed within 90 days of receipt of that letter.

14.   To the extent that any equitable tolling, estoppel, or continuing violation doctrine applies to extend the limitations period for Plaintiff's claims, Plaintiff asserts that such doctrines are applicable based on Defendant's ongoing failure to accommodate Plaintiff's disability and the continuing adverse actions taken against Plaintiff throughout his employment.

15.   Therefore, Plaintiff has satisfied all conditions precedent to the filing of this civil action, and the claims asserted herein are timely under all applicable statutes of limitations.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

16.   Plaintiff filed a formal complaint with the Equal Employment Opportunity (EEO) office within the U.S. Citizenship and Immigration Services (USCIS), a component of the Department of Homeland Security (DHS), alleging discrimination, failure to accommodate, and retaliation based on his disability, in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973.

17.    The Office for Civil Rights and Civil Liberties (CRCL), which is part of DHS, conducted an investigation into Plaintiff's EEO complaint and issued a final decision. The CRCL notified Plaintiff of his right to either appeal the decision to the Equal Employment Opportunity Commission (EEOC) or file a civil action in Federal District Court within ninety (90) days of the final decision issued on August 15, 2024.

18.    Plaintiff elected to file this civil action in Federal District Court within the prescribed 90-day period, instead of appealing the decision to the EEOC, due to concerns about additional delays that an appeal would entail.

19.    Plaintiff has fully exhausted his administrative remedies as required under the ADA, Rehabilitation Act, and other applicable statutes, and this civil action is properly before this Court.

## **STANDING**

20.    Plaintiff Brian Vossler has standing to bring this action because he has suffered, and continues to suffer, actual injuries as a direct result of Defendant U.S. Citizenship and Immigration Services' (USCIS) unlawful conduct. Plaintiff alleges violations of his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., including Defendant's failure to provide reasonable accommodation for Plaintiff's disability, retaliation for requesting such accommodations, and constructive

discharge from his position.

21.　　Plaintiff's injuries include, but are not limited to, the denial of reasonable accommodation, loss of employment opportunities, emotional distress, mental and physical health deterioration, financial losses, and other harms stemming from Defendant's unlawful actions.

22.　　Plaintiff has suffered a concrete and particularized injury that is traceable to Defendant's actions, and such injury is likely to be redressed by a favorable decision from this Court. As a person with a recognized disability who was denied reasonable accommodation and subjected to adverse employment actions, Plaintiff is within the zone of interests intended to be protected by the ADA and the Rehabilitation Act.

23.　　Plaintiff seeks relief from this Court, including compensatory damages, equitable relief, and other remedies, to address the harms caused by Defendant's unlawful conduct, and thus has standing to bring this civil action.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

24.　　Plaintiff Brian Vossler is a qualified individual with a disability who was employed on or around August 29, 2022, by U.S. Citizenship and Immigration Services (USCIS) as an Immigration Services Officer 1 at the Portland, Oregon Field Office, an agency within the Department of Homeland Security (DHS).

25.　　Defendant Alejandro Mayorkas, in his official capacity as Secretary of

Homeland Security, is responsible for the administration and oversight of DHS and its component agencies, including USCIS. Defendant Ur M. Jaddou, in her official capacity as Director of USCIS, oversees USCIS's employment practices, including compliance with federal laws requiring reasonable accommodations and prohibiting discrimination based on disability.

26.    Prior to starting his employment, Plaintiff disclosed his disability to Field Office Director Margaret A. Rosenast and requested reasonable accommodation in the form of an alternative work schedule to manage his medical treatments. Director Rosenast assured Plaintiff that his request for accommodation would be granted and expressed sympathy for his medical condition. During Plaintiff's first week of employment, his manager, Andreea E. Tanasa, further confirmed that Plaintiff would be permitted to adopt a 4/10 alternative work schedule, allowing him to travel to Los Angeles for specialized medical care.

27.    Despite efforts to locate appropriate medical care in Oregon, Plaintiff was unable to find a healthcare provider capable of meeting his needs. Consequently, Plaintiff was required to travel to Los Angeles every weekend at his own expense to receive treatment. This arrangement placed a significant financial and physical burden on Plaintiff. He requested a hardship transfer to USCIS's Los Angeles Field Office to mitigate these burdens, but his request was denied. In October 2022, Plaintiff applied for an open position in the Los Angeles Field Office, where his

medical needs could be adequately addressed. He was interviewed, offered the position, and was assured that his alternative work schedule would continue after the transfer.

28.    Plaintiff initially received verbal assurances from USCIS supervisors that his accommodation requests would be met. However, upon his transfer to the Los Angeles office, USCIS, under the oversight of Defendants in their official capacities, revoked his alternative work schedule and delayed or denied other accommodations, significantly impacting Plaintiff's ability to perform his job.

29.    Upon starting his new position in Los Angeles, Plaintiff made multiple requests to reinstate his alternative work schedule. Over a period of nine weeks, he repeatedly followed up with his supervisors via email, in person, and through internal communications, but his accommodation was never provided. During this time, Plaintiff's health deteriorated significantly, resulting in weight loss, stress, and missed medical treatments.

30.    As a condition of his employment, Plaintiff was required to attend and pass the Federal Law Enforcement Training Center (FLETC) in Charleston, South Carolina. Given his medical needs, Plaintiff requested a virtual training option or a postponement of the training start date, but both requests were denied. Plaintiff attended the FLETC training while suffering from severe health issues and was unable to perform adequately due to his medical condition. He ultimately failed the

training by a narrow margin.

31.   Other employees who failed FLETC were provided accommodations, including downgrades to lower positions within USCIS. Despite Plaintiff's good performance reviews and expressed willingness to accept a downgraded position, he was denied similar opportunities. After being offered a position with U.S. Customs and Border Protection (CBP) in San Diego, Plaintiff accepted the role out of necessity, as USCIS informed him that failure to do so would result in termination.

32.   Since leaving USCIS, Plaintiff has experienced ongoing harm, including financial strain, continued deterioration of his health, and disruption to his medical care. Despite applying for positions with USCIS, Plaintiff has been unable to regain employment with the agency, even though former supervisors expressed interest in having him return. USCIS's failure to provide reasonable accommodation and its denial of the interactive process led to Plaintiff's constructive discharge and the damages he continues to suffer.

33.   Defendants, in their official capacities, failed to ensure that USCIS policies and practices complied with the Americans with Disabilities Act (ADA) and the Rehabilitation Act, resulting in a lack of accommodations, discrimination, and ultimately, Plaintiff's constructive discharge.

34.   The actions and omissions by USCIS management, under the supervision of Defendants Mayorkas and Jaddou, contributed to an intolerable work

environment for Plaintiff. As a result, Plaintiff was forced to accept a position with U.S. Customs and Border Protection (CBP) in San Diego under less favorable conditions, leading to ongoing harm.

## **FIRST CAUSE OF ACTION**

**Failure to Accommodate Under the Rehabilitation Act**

**(29 USC § 791)**

**(By Plaintiff Against All Defendants)**

35.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

36.    At all relevant times, Plaintiff was a qualified individual with a disability as defined under the Rehabilitation Act of 1973, 29 U.S.C. § 705(20). Plaintiff was employed by the U.S. Citizenship and Immigration Services (USCIS) within the Department of Homeland Security (DHS) and was capable of performing the essential functions of his position as an Immigration Services Officer 1, with or without reasonable accommodations.

37.    The Rehabilitation Act, specifically 29 U.S.C. § 791, requires federal employers to provide reasonable accommodations to qualified individuals with disabilities to enable them to perform the essential functions of their jobs, unless doing so would cause undue hardship.

38.    Plaintiff disclosed his disability to USCIS prior to his employment start

date and made several requests for reasonable accommodations, including an alternative work schedule and, later, a transfer to a location where he could receive necessary medical treatment.

39.    Despite these requests and verbal assurances from USCIS management that the accommodations would be provided, Defendants, through their agents and employees, failed to provide the requested reasonable accommodations. Defendants ultimately revoked Plaintiff's alternative work schedule upon his transfer to the Los Angeles office and denied his requests for a hardship transfer, causing Plaintiff substantial physical, emotional, and financial strain.

40.    Defendants' failure to provide reasonable accommodations for Plaintiff's disability violated the Rehabilitation Act, which incorporates the standards of the Americans with Disabilities Act (ADA) for reasonable accommodation, pursuant to 29 C.F.R. § 1614.203(b).

41.    As a direct and proximate result of Defendants' failure to accommodate Plaintiff's disability, Plaintiff has suffered and continues to suffer substantial harm, including financial losses, emotional distress, and deterioration of his health.

42.    Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act, including compensatory damages, equitable relief, and attorneys' fees and costs.

///

## SECOND CAUSE OF ACTION

**Disability Discrimination in Violation of the Rehabilitation Act of 1973**

**(29 U.S.C. § 794)**

**(By Plaintiff Against All Defendants)**

43.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

44.    At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20), and was capable of performing the essential functions of his position as an Immigration Services Officer 1, with or without reasonable accommodations.

45.    The Rehabilitation Act, specifically 29 U.S.C. § 794 (Section 504), prohibits federal agencies from discriminating against qualified individuals with disabilities in employment. This includes prohibiting adverse actions based on an individual's disability and requiring equal treatment in terms of employment opportunities, compensation, and conditions of employment.

46.    Defendants, through their agents and employees, discriminated against Plaintiff on the basis of his disability by failing to accommodate his medical needs, creating a hostile work environment, and imposing adverse employment conditions that negatively impacted Plaintiff's employment status, health, and career progression.

47. Despite knowledge of Plaintiff's disability and repeated requests for reasonable accommodation, Defendants failed to provide such accommodations, denied Plaintiff's hardship transfer request, and ultimately forced Plaintiff to accept less favorable conditions. These actions were undertaken with disregard for Plaintiff's medical needs and in violation of the Rehabilitation Act's prohibition against disability discrimination.

48. As a result of Defendants' discriminatory conduct, Plaintiff suffered adverse employment actions, including but not limited to, the revocation of his alternative work schedule, denial of necessary accommodations, a hostile work environment, and constructive discharge. Defendants' conduct was motivated by Plaintiff's disability and failure to accommodate his disability-related needs.

49. Defendants' actions and omissions caused Plaintiff to suffer significant harm, including financial losses, emotional distress, and worsening health, all of which were the direct and proximate result of Defendants' discriminatory treatment in violation of the Rehabilitation Act.

50. Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act, including compensatory damages, equitable relief, and attorneys' fees and costs.

///

///

## **THIRD CAUSE OF ACTION**

**Retaliation in Violation of the Rehabilitation Act of 1973 (29 U.S.C. § 794)**

**(Incorporating the Standards of the ADA, 42 U.S.C. § 12203(b))**

**(By Plaintiff Against All Defendants)**

51.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

52.     The Rehabilitation Act of 1973, specifically 29 U.S.C. § 794, prohibits federal agencies from discriminating against qualified individuals with disabilities and incorporates the standards of the Americans with Disabilities Act (ADA) for ensuring a workplace free from disability-based retaliation and coercion.

53.     Under the ADA's anti-retaliation provision, 42 U.S.C. § 12203(b), which is incorporated into the Rehabilitation Act, it is unlawful to coerce, intimidate, threaten, or interfere with an individual exercising their rights under federal disability laws.

54.     Plaintiff engaged in protected activities by disclosing his disability to USCIS management, repeatedly requesting reasonable accommodation, and formally applying for a hardship transfer to better accommodate his medical needs. Plaintiff's actions were reasonable and in good faith to secure equal employment opportunities and workplace accommodations.

55.     In retaliation for Plaintiff's exercise of his rights under the

Rehabilitation Act, Defendants, through their agents and employees, engaged in adverse actions against Plaintiff, including but not limited to revoking his alternative work schedule, denying his hardship transfer, creating an intolerable work environment, and failing to provide necessary accommodations. These actions were taken with the intent to discourage Plaintiff from continuing to assert his rights or to penalize him for doing so.

56. Defendants' retaliatory actions created a hostile work environment, contributed to Plaintiff's constructive discharge, and placed substantial physical, emotional, and financial burdens on Plaintiff.

57. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff suffered and continues to suffer financial losses, emotional distress, and worsening health. Defendants' actions were in violation of the Rehabilitation Act's anti-retaliation provisions, which incorporate the ADA's standards under 42 U.S.C. § 12203(b).

58. Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act, including compensatory damages, equitable relief, and attorneys' fees and costs.

///

///

///

## FOURTH CAUSE OF ACTION

**Failure to Engage in the Interactive Process Under the**

**Rehabilitation Act of 1973**

**(29 U.S.C. § 794)**

**(By Plaintiff Against All Defendants)**

59.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

60.    The Rehabilitation Act of 1973, specifically 29 U.S.C. § 794, and its implementing regulations require federal employers to provide reasonable accommodations to qualified individuals with disabilities. Part of this obligation includes engaging in an interactive process to identify and implement appropriate accommodations.

61.    Under 29 C.F.R. § 1630.2(o)(3), incorporated by reference into the Rehabilitation Act via 29 C.F.R. § 1614.203(b), federal employers are required to engage in an informal, interactive process with employees who request accommodations due to a disability. This process ensures that the employer and employee work together in good faith to determine effective accommodation.

62.    Plaintiff repeatedly requested reasonable accommodations for his disability, including an alternative work schedule and a hardship transfer to a location where he could access necessary medical care. These requests triggered

Defendants' duty to engage in an interactive process to determine an effective and reasonable accommodation.

63.     Defendants, through their agents and employees, failed to engage in a meaningful interactive process with Plaintiff. Instead, Defendants delayed or denied Plaintiff's requests, revoked his alternative work schedule, and ignored his repeated follow-ups regarding his accommodation needs.

64.     Defendants' failure to engage in the interactive process was a violation of the Rehabilitation Act's reasonable accommodation requirements and directly contributed to Plaintiff's inability to perform the essential functions of his job and his eventual constructive discharge.

65.     As a direct and proximate result of Defendants' failure to engage in the interactive process, Plaintiff suffered significant harm, including financial losses, emotional distress, and deterioration of his health.

66.     Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act, including compensatory damages, equitable relief, and attorneys' fees and costs.

///

///

///

///

**FIFTH CAUSE OF ACTION**

**Violation of the Rehabilitation Act of 1973**

**(29 U.S.C. § 794)**

**(By Plaintiff Against All Defendants)**

67.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

68.     The Rehabilitation Act of 1973, specifically 29 U.S.C. § 794 (Section 504), prohibits federal agencies and programs receiving federal funds from discriminating against qualified individuals with disabilities. This includes prohibiting adverse employment actions based on disability and requiring reasonable accommodations to ensure equal employment opportunities for individuals with disabilities.

69.     Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act and was capable of performing the essential functions of his position as an Immigration Services Officer 1, with or without reasonable accommodations.

70.     Defendants, through their agents and employees, discriminated against Plaintiff by failing to provide reasonable accommodation, refusing to engage in the interactive process, denying his request for a hardship transfer, and subjecting him to a hostile work environment. Defendants' actions resulted in adverse employment

actions against Plaintiff due to his disability.

71.    Defendants' conduct created intolerable working conditions that ultimately led to Plaintiff's constructive discharge, as Plaintiff was forced to resign from his position and accept less favorable employment with U.S. Customs and Border Protection (CBP) in San Diego.

72.    Defendants' actions were taken in violation of the Rehabilitation Act's prohibition on disability discrimination in federal employment, which incorporates the standards of the Americans with Disabilities Act (ADA) under 29 C.F.R. § 1614.203.

73.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered and continues to suffer harm, including financial losses, emotional distress, and deterioration of his health.

74.    Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act, including compensatory damages, equitable relief, and attorneys' fees and costs.

///

///

///

///

///

**22**

**SIXTH CAUSE OF ACTION**

**Constructive Discharge in Violation of the Rehabilitation Act of 1973**

**(29 U.S.C. § 794)**

**(By Plaintiff Against All Defendants)**

75.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

76.    The Rehabilitation Act of 1973, specifically 29 U.S.C. § 794, prohibits federal agencies from discriminating against qualified individuals with disabilities and requires reasonable accommodations to ensure that individuals with disabilities have equal employment opportunities.

77.    Plaintiff is a qualified individual with a disability as defined under the Rehabilitation Act, and he was able to perform the essential functions of his position as an Immigration Services Officer 1, with or without reasonable accommodation.

78.    Defendants, through their agents and employees, subjected Plaintiff to intolerable working conditions by failing to provide reasonable accommodation, refusing to engage in the interactive process, denying his hardship transfer, and allowing a hostile work environment. These actions, motivated by Plaintiff's disability and his requests for accommodation, created a work environment that was so unbearable that a reasonable person in Plaintiff's position would feel compelled to resign.

79.    Defendants' conduct directly caused Plaintiff's constructive discharge, as he was forced to resign from USCIS and accept employment with U.S. Customs and Border Protection (CBP) under significantly less favorable conditions. Plaintiff had no reasonable alternative but to leave his position with USCIS to protect his health and well-being.

80.    Defendants' actions and omissions constitute constructive discharge in violation of the Rehabilitation Act, as they effectively deprived Plaintiff of his right to a workplace free from disability discrimination and retaliation.

81.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial harm, including financial losses, emotional distress, and a worsening of his medical condition.

82.    Plaintiff is entitled to all legal and equitable remedies available under the Rehabilitation Act, including compensatory damages, equitable relief, and attorneys' fees and costs.

///

///

///

///

///

///

## SEVENTH CAUSE OF ACTION

**Hostile Work Environment in Violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.**

**(By Plaintiff Against All Defendants)**

83.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

84.    The Rehabilitation Act of 1973, specifically 29 U.S.C. § 794, prohibits federal agencies from discriminating against qualified individuals with disabilities and incorporates the standards of the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.) for ensuring a workplace free from disability-based harassment and hostile work environments.

85.    Plaintiff is a qualified individual with a disability within the meaning of the Rehabilitation Act and the ADA and was capable of performing the essential functions of his position as an Immigration Services Officer 1, with or without reasonable accommodation.

86.    Defendants, through their agents and employees, subjected Plaintiff to a hostile work environment based on his disability by:

a. Failing to provide reasonable accommodation, despite repeated requests and medical necessity.

**25**

b.  Refusing to engage in an interactive process to address Plaintiff's accommodation needs.

c.  Denying Plaintiff's hardship transfer request, forcing him to travel weekly for medical treatment at significant personal expense.

d.  Creating conditions that exacerbated Plaintiff's health issues, including undue stress, lack of support, and a work atmosphere of discrimination and neglect.

87.    These actions created a hostile and abusive work environment that interfered with Plaintiff's ability to perform his job duties and adversely affected his physical and emotional well-being. Defendants' conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and to create an environment that a reasonable person with a disability would find hostile and intimidating.

88.    Defendants' failure to prevent and correct the hostile work environment violated Plaintiff's rights under the Rehabilitation Act and the ADA, as incorporated by reference in 29 C.F.R. § 1614.203(b).

89.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered significant harm, including financial losses, emotional distress, and deterioration of his health, resulting in his constructive discharge.

90.    Plaintiff is entitled to all legal and equitable remedies available under

the Rehabilitation Act and the ADA, including compensatory damages, equitable relief, and attorneys' fees and costs.

## **EIGHTH CAUSE OF ACTION**

### **Violation of Family and Medical Leave Act (FMLA)**

### **(29 U.S.C. § 2601 et seq.)**

### **(By Plaintiff Against All Defendants)**

91.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

92.    The Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., entitles eligible employees to take up to twelve weeks of unpaid, job-protected leave in a twelve-month period for qualified medical and family reasons, including a serious health condition that makes the employee unable to perform the essential functions of his or her job.

93.    At all relevant times, Plaintiff was an eligible employee under the FMLA and suffered from a serious health condition as defined by the FMLA, necessitating medical treatment that required leave and reasonable accommodations to manage his condition effectively.

94.    Plaintiff exercised his rights under the FMLA by requesting leave and accommodation related to his serious health condition. Defendants were aware of

Plaintiff's need for medical leave and accommodations and were obligated to grant FMLA-protected leave without retaliating or interfering with his rights.

95.   Defendants, through their agents and employees, violated the FMLA by:

a. Failing to provide FMLA-protected leave or appropriate accommodations to enable Plaintiff to manage his serious health condition.

b. Retaliating against Plaintiff for his FMLA-related requests by creating a hostile work environment, denying his requests for accommodation, and ultimately contributing to conditions leading to his constructive discharge.

c. Interfering with Plaintiff's FMLA rights by refusing to engage in a process to support his medical needs and by imposing adverse employment actions linked to his need for leave.

96.   As a result of Defendants' actions, Plaintiff was effectively denied his FMLA rights and suffered significant harm, including financial losses, emotional distress, and a worsening of his medical condition, which ultimately forced him to leave his employment with USCIS.

97.   Defendants' conduct constituted interference with Plaintiff's rights and retaliation in violation of the FMLA, entitling Plaintiff to damages and other relief

as provided under the statute.

98.    Plaintiff is entitled to all legal and equitable remedies available under the FMLA, including but not limited to compensatory damages, equitable relief, attorneys' fees, and costs.

## NINTH CAUSE OF ACTION

### Retaliation in Violation of Title VII of the Civil Rights Act

### (42 U.S.C. § 2000e-3(a))

### (By Plaintiff Against All Defendants)

99.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

100.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), prohibits employers from retaliating against employees or applicants who have opposed any practice made unlawful by Title VII, or who have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

101.    Plaintiff engaged in protected activities under Title VII by disclosing his disability to his employer.

102.    In retaliation for Plaintiff's protected activities, Defendants, through their agents and employees, engaged in adverse employment actions against Plaintiff, including but not limited to, taking back consent to Plaintiff for reasonable

accommodations for an alternative work schedule, thereby failing to provide reasonable accommodations for Plaintiff's disability.

103.   Defendants' retaliatory conduct was intended to punish Plaintiff for his engagement in protected activities under Title VII and to deter Plaintiff and other employees from asserting their rights under Title VII.

104.   As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer significant harm, including financial losses, emotional distress, and damage to his career and professional reputation.

105.   Plaintiff is entitled to all legal and equitable remedies available under Title VII, including compensatory damages, punitive damages, equitable relief, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, the amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $500,000, not counting interest and costs of court, because of the following:

1. Compensatory Damages: For economic losses, including back pay, front pay, lost benefits, and any other compensation or wages Plaintiff would have earned but for Defendant's unlawful conduct, in an amount to be determined at trial;

2. Emotional Distress Damages: For emotional pain, suffering,

inconvenience, mental anguish, and loss of enjoyment of life caused by Defendant's discriminatory, retaliatory, and unlawful actions.

3. Punitive Damages: For Defendant's willful, malicious, and reckless disregard for Plaintiff's rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973, in an amount to be determined at trial;

4. Liquidated Damages: Pursuant to the Family and Medical Leave Act (FMLA), in an amount equal to the damages awarded for lost wages and benefits, for Defendant's willful violation of the FMLA;

5. Injunctive and Equitable Relief: (a) Reinstatement to Plaintiff's former position or a comparable position, with appropriate accommodation, if appropriate; (b) An order requiring Defendant to implement policies and practices to prevent future discrimination, harassment, and retaliation based on disability; (c) An order requiring Defendant to engage in a good-faith interactive process in compliance with the ADA and Rehabilitation Act for all employees with disabilities;

6. Prejudgment and Post judgment Interest: As allowed by law on all amounts awarded;

7. Attorneys' Fees and Costs: Awarding Plaintiff reasonable attorneys' fees, expert witness fees, and costs incurred in bringing this action, pursuant to

the ADA, Rehabilitation Act, FMLA, and any other applicable statutes;

8. Declaratory Relief: A declaration that Defendant's actions violated Plaintiff's rights under the ADA, Rehabilitation Act, and FMLA;

9. Any Other Relief: Such other legal or equitable relief as this Court may deem just and proper.

Dated: November 11, 2024          LAW OFFICES OF GARY R. CARLIN, APC

Respectfully Submitted,


By: /s/ Gary R. Carlin
      Gary R. Carlin
      Attorney for Plaintiff,
      BRIAN VOSSLER

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: November 11, 2024          LAW OFFICES OF GARY R. CARLIN, APC

Respectfully Submitted,


By: /s/ Gary R. Carlin
      Gary R. Carlin
      Attorney for Plaintiff,
      BRIAN VOSSLER