IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN VOSSLER, as an individual;<br><br>Plaintiff,<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security;<br><br>Defendant. | **8:25CV525**<br><br>**ORDER TO SHOW CAUSE** |

This matter comes before the court after a status conference held on September 3, 2026. (Filing No. 82). John M. Ward appeared for Defendant. No appearance by the Plaintiff. The CM/ECF docket currently reflects two attorneys of record for Plaintiff – Gary R. Carlin and William B. Welden – both associated with the Gary Carlin Law Firm. The undersigned chambers made attempts via email and telephone to contact both attorneys to participate in the scheduled status call.[1]

Chambers first reached William B. Welden by telephone at the number associated with him on the docket. Mr. Welden advised that he has been on disability since March 2026 and is currently suspended from the practice of law due to an unrelated matter. Mr. Welden has not reported this suspension to the court, as required by NEGenR 1.8. He also has not moved to withdraw from this case and remains an active attorney of record for Plaintiff, being admitted on his Motion for Admission Pro Hac Vice on October 25, 2025.

[1] The date and time of the status call has been known since March 5, 2026, as set forth in the court's Final Progression Order. (Filing No. 66).

(Filing No. 52 and 53). Mr. Welden's last filing in this matter was on May 14, 2026, when he filed a Certificate of Service of Plaintiff's Initial Disclosures. (Filing No. 75).

Chambers then attempted to reach Mr. Carlin's office and received his voicemail. Chambers left a voicemail advising him of the scheduled call and that Magistrate Judge Carson intended to hold the call as scheduled, asking him to call in as soon as possible. Chambers also emailed Mr. Carlin the call-in instructions. Mr. Carlin never joined, and the call proceeded as scheduled without him.

During the call, Mr. Ward advised that he has had no contact with Mr. Carlin in some time. He represented that Defendant received answers to its written discovery, but that those answers remain deficient. On August 27, 2026, Defendant moved to extend the Motion to Compel deadline to resolve the discovery issues. (Filing No. 80). With no position from Plaintiff, the court granted that motion on August 28, 2026. (Filing No. 81). During the call, Mr. Ward advised the court that he attempted to discuss the issues with Mr. Carlin via email and received no response. He further advised that Plaintiff did not serve any written discovery and the deadline to do so has now passed.

NECivR 41.2 provides that "[a]t any time, after appropriate notice, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Plaintiff has a duty to prosecute this case. Mr. Carlin must show good cause for the failure to prosecute this case, including his failure to appear at the September 3, 2026 conference, within fourteen (14) days, or on or before September 17, 2026. Failure to do so will result in a recommendation that this matter be dismissed for lack of prosecution without further notice.

Moreover, NEGenR 1.8 requires an attorney admitted to practice in this court to "promptly report the following in writing to the clerk: disbarment, suspension, public reprimand, or other public discipline imposed by any other court or jurisdiction. The attorney's report must include a copy of the judgment or order imposing the discipline." It appears Mr. Weldon has failed to do so. He is admitted in this court *pro hac vice* and

previously represented that he was "admitted to practice law in the State of California (Bar No. 117056) and is in good standing." (Filing No. 52). If those circumstances have changed, it is his obligation to inform the court as he also agreed to comply with the rules of professional conduct and this court's local rules. NEGenR 1.7(b). Accordingly, Mr. Welden shall promptly report his suspension in writing to the Clerk of the Court as set forth in the local rules, but at the latest on or before September 17, 2026, and also show cause why such report was not provided in a timely manner and explain why he is still identified as an attorney of record in this matter.

Accordingly,

IT IS ORDERED that on or before **September 17, 2026**:

1. Plaintiff must show cause why his counsel did not appear for the scheduled status conference and why this case should not be dismissed for failure to prosecute. Failure to do so will result in a recommendation that this matter be dismissed without further notice.
2. Mr. Welden shall report his suspension to the Clerk of Court as required by the court's local rules. He shall also show cause why such report was not provided in a timely manner and explain why he is still identified as an attorney of record in this matter. Failure to comply with this order may result in additional sanctions against Mr. Welden and/or Mr. Carlin and his firm, with whom he is still associated on the court docket.

Dated this 3rd day of September, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge